E-FILED
Thursday, 09 March, 2023  12:22:16 PM
Clerk, U.S. District Court, ILCD

FILED

MAR 8 2023

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,
            PLAINTIFF

            V

CHARNELL A. BROWN,
            DEFENDANT.

CRIMINAL NO. 03-20067

MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE RULE 60 AND / OR
MOTION TO VACATE CONVICTION

NOW COMES DEFENDANT CHARNELL A. BROWN, BY MEANS
OF BEING PRO SE, RESPECTFULLY FILING WITH THIS HONORABLE
COURT THIS MOTION FOR RELIEF FROM A JUDGMENT PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60, AND / OR
MOTION TO VACATE CONVICTION.

DEFENDANT IN THIS CAUSE OF ACTION RESPECTFULLY SEEKS
TO HAVE THE ABOVE TITLED CAUSE OF ACTION VOIDED AND
/ OR VACATED AS ANY PRIOR CONVICTION PURSUANT TO THE FEDERAL
RULES OF CIVIL PROCEDURE AND / OR FEDERAL STATUTE WHICH
ALLOW THIS HONORABLE COURT TO VACATE A DEFENDANT'S
CONVICTION IN U.S. DISTRICT FEDERAL COURT

IN SUPPORT OF THIS:

1.

DEFENDANT STATES HAD HE NOT BEEN PREVIOUSLY SUBJECTED TO UNCONSTITUTIONAL AND ILLEGAL CONVICTIONS IN STATE COURT WHICH WERE EVENTUALLY VACATED FROM DEFENDANT'S PRIOR CRIMINAL HISTORY AND THE CONVICTIONS VOIDED, THERE IS A REASONABLE LIKELIHOOD THAT THE U.S. DISTRICT COURT WOULD HAVE DECLINED TO INTERVENE, INDICT, PROSECUTE, AND EVENTUALLY CONVICT DEFENDANT TO A FEDERAL PRISON TERM OF 57 MONTHS DUE TO ANY CRIMINAL CHARGES RELATING TO A FIREARM.

DEFENDANT RESPECTFULLY STATES ONCE HIS RELEASE DATE FROM STATE CUSTODY ON AUUW WAS APPROACHING, THE ILLINOIS DEPARTMENT OF CORRECTIONS HAD DEFENDANT SIGN DOCUMENTATION IN REGARDS TO BEING PROHIBITED FROM CARRYING, POSSESSING, AND / OR PURCHASING A FIREARM AND ANY SUCH VIOLATION OF THIS PAROLE PROVISION WOULD SUBJECT DEFENDANT TO A FEDERAL FIREARM CHARGE, INDICTMENT, AND POSSIBLE CONVICTION AND SENTENCE. UPON DEFENDANT BEING ARRESTED ON STATE RELATED GUN AND / OR FIREARM VIOLATIONS THE CHARGES WERE "PICKED-UP" BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION SOLELY BASED ON THE SIGNED PAROLE AGREEMENT WHICH IN TURN WAS BASED ON AN ILLEGAL AND UNCONSTITUTIONAL STATE STATUTE IN REGARDS TO 720 ILCS 5/24-1.6 (a)(1) AGGRAVATE UNLAWFUL USE OF A WEAPON (AUUW), WHICH WAS VACATED AS A CONVICTION OF DEFENDANT'S AS BEING VOID IN TURN MAKING THE PAROLE AGREEMENT VOID AS WELL AND THUS NOT INVOKING THE FEDERAL COURTS TO INDICT BASED ON THE STATE OF ILLINOIS PAROLE AGREEMENT WHICH WAS SOLELY BASED ON THE STATE CONVICTION FOR A VIOLATION OF 720 ILCS 5/24-1.6 (a)(1) WHICH WAS DEEMED UNCONSTITUTIONAL.

## STATEMENT OF FACTS

THE DEFENDANT IN THIS CAUSE OF ACTION CHARNELL BROWN AFTER SERVING A SENTENCE IN THE ILLINOIS DEPARTMENT OF CORRECTIONS ON STATE RELATED CHARGES OF AGGRAVATED UNLAWFUL USE OF A WEAPON IN VIOLATION OF ILLINOIS STATE LAW; 720 ILCS 5/24-1.6 (a)(1) UNDER WHICH WAS DEFENDANT'S FIRST SUCH OFFENSE. PRIOR TO COMPLETION OF THE STATE RELATED SENTENCE, DEFENDANT BEFORE AND PRIOR TO PAROLE HAD TO SIGN DOCUMENTATION PRETAINING TO ILLINOIS' "SAFE NEIGHBOR-HOOD ACT" WHICH PROHIBITED DEFENDANT FROM POSSESSING, CARRYING, OR PURCHASING A FIREARM.

DEFENDANT WAS ARRESTED AGAIN ON STATE RELATED OFFENSES OF HIS SECOND VIOLATION OF AGGRAVATED UNLAWFUL USE OF A WEAPON IN VIOLATION OF STATE LAW OF THE ILLINOIS STATUTE; 720 ILCS 5/24-1.6 (a)(1)(AUUW), AND PRIOR TO THE STATE PROSECUTION PROCEEDING THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION TOOK OVER DEFENDANT'S STATE RELATED AGGRAVATED UNLAWFUL USE OF A WEAPON IN WHICH DEFENDANT WAS FORMALLY INDICTED AND CONVICTED AND SENTENCED TO A TERM OF 57 MONTHS IN FEDERAL CUSTODY AND UPON RELEASE SUBJECTED TO A 3 YEAR TERM OF PROBATION

## CHANGES IN ILLINOIS STATE LAW

In the Matter of People v. Aguilar, 2013 IL 112-116, the Illinois Supreme Court has determined that the Aggravated Unlawful Use of a Weapon statute; 720 ILCS 5/24-1.6 (a)(1) is unconstitution and void and the Illinois Supreme Court states in 2018 the following;

"That a conviction based on an unconstitutional law, that conviction is not only erroneous but is illegal and void and cannot be legal cause for punishment".... Furthermore, the court in the matter of; In Re N.G., 2018 IL 121939, made it clear that the AUUW statute must be treated as if it did not exist, and its use in any manner is unconstitutional..."

## Relevant U.S. Supreme Court Decision

Defendant respectfully states, the U.S. Supreme Court affirmed the principles in Montgomery, 577 U.S. ——, 137 S. Ct. 718. In Accordance with long established Precedent, the court held, Montgomery, where as here, a conviction is based on an unconstitutional law, that conviction is not only erroneous but it is illegal and void and cannot be the legal cause of punishment.

Defendant states in the matter of Moore v. Madigan, 702 F. 3d 933, 940 (7th Cir. 2012), the 7th Circuit

3.

COURT OF APPEALS HELD;

'THAT THE CLASS 4 FORM OF §24-1.6 (a) (1), (a) (3) (A) (D) IS DIFFENTLY '' A FLAT BAN ON CARRYING READY TO USE GUNS OUTSIDE THE HOME AND THAT AS SUCH, IT VIOLATES THE SECOND AMENDMENT'S RIGHT TO KEEP AND BEAR ARMS, AS CONSTRUED IN HELLER AND MC DONALD

DEFENDANT HAS SUCCESSFULLY CHALLENGED HIS PRIOR STATE CONVICTIONS IN REGARDS TO 720 ILCS 5/24-1.6 (a) (1); AGGRAVATED UNLAWFUL USE OF A WEAPON (AUUW) AND THE STATE CIRCUIT COURT HAS VACATED THE CONVICTIONS AS BEING VOID AND UNCONSTITUTIONAL AS IF THESE PREVIOUS CONVICTIONS NEVER OCCURRED BASED ON ILLINOIS STATE LAW. (PEOPLE V. AGUILAR, 2013 IL 112116 )

DEFENDANT'S REASONS FOR SEEKING VACATURE IN THIS
    CAUSE NOW BEFORE THIS HONORABLE COURT;

AS DEFENDANT PREVIOUSLY STATED UPON RELEASE FROM STATE CUSTODY THE ILLINOIS' ''SAFE NEIGHBORHOOD ACT'' MANDATES ANY ADDITIONAL FIREARMS VIOLATIONS UNDER STATE LAW WILL WARRANT A FEDERAL PROSECUTION, WHICH IS WHAT CLEARLY OCCURRED ONCE DEFENDANT WAS ARRESTED ON STATE CHARGES FOR FIREARM OFFENSES IN WHICH THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION INTERVENED

4.

DEFENDANT STATES THE FEDERAL GOVERNMENT'S DECISION TO
INDICT AND PROSECUTE AND EVENTUALLY CONVICT DEFENDANT
AROSE DUE TO HIS PREVIOUS CRIMINAL ARREST AND CONVICTIONS
STEMMING FROM STATE RELATED CRIMES WHICH ARE DETAILED
BELOW;

OFFENSE(S):

(a) UNLAWFUL USE OF A WEAPON: 720 ILCS 5.0/24-1-A ; DATE: 7/25/2005

(b) UNLAWFUL POSSESSION WEAPON BY FELON; 720 ILCS 5.0/24-1.1-A ;
   DATE: 7/31/2003

(c) UNLAWFUL USE OF A WEAPON: 720 ILCS 5.0/24-1; DATE: 8/23/2001

(d) AGGRAVATED UNLAWFUL USE OF A WEAPON; 720 ILCS 5.0/24-1.6-A-1
   DATE: 9/12/2002; CASE NO. 01 CF 1495

(e) UNLAWFUL USE OF A WEAPON; 720 ILCS 5.0/24-1.6-A-1
   DATE: 04/04/2002

DEFENDANT STATES HIS FIRST STATE CONVICTION FOR AUUW
REQUIRED COMPLIANCE WITH ILLINOIS' "FIREARM RESTRICTION"
THROUGH THE SAFE-NEIGHBORHOOD ACT, WHICH WAS EVENTUALLY
VACATED AS VOID AND UNCONSTITUTIONAL IN THE STATE MATTER
OF AGUILAR, AND EVEN IN THE 7th CIRCUIT COURT OF APPEALS
IN MOORE V. MADIGAN, 702 F.3d 933, 940 (7th CIR.), RULING
THAT THE AUUW STATUTE IS VOID AND UNCONSTITUTIONAL AND
AS SUCH RENDERING THE DEFENDANT'S CONVICTIONS FOR AUUW
VOID AND ANY SUCH AGREEMENT, RESTRICTION, OR PROVISION

WHICH IN TURN STEMMED FROM THE ILLEGAL, UNLAWFUL, UNCONSTITUTIONAL, AND EVENTUALLY VOID AND VACATED CONVICTIONS FOR AUUW IN AND OF ITSELF VOID. DEFENDANT RESPECTFULLY STATES HIS INDICTMENT AND EVENTUAL FEDERAL CONVICTION STEMMED FROM HIS FIRST STATE CONVICTION FOR AUUW AND AGREEMENT IN REGARDS TO THE PROVISIONS OF ILLINOIS' SAFE NEIGHBORHOOD ACT. IF THIS HONORABLE COURT ACKNOWLEDGES THE STATE CHARGE FOR AUUW ARE VOID AND UNCONSTITUTIONAL THEN SO WAS ANY INVOLVEMENT WITH THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION, WHO ONLY INTERVENED SOLELY BASED ON A PROVISION OF STATE LAW DUE TO A PRIOR CONVICTION WHICH HAS NOW BEEN DEEMED VOID AND UNCONSTITUTIONAL.

### REASONS TO VACATE THE FEDERAL CONVICTION.

DEFENDANT RESPECTFULLY STATES TO THIS HONORABLE COURT, THAT ANY PROVISION SIGNED BY DEFENDANT BASED ON AN UNCONSTITUTIONAL STATUTE THIS COURT SHOULD DEEM VOID AND IN TURN ACKNOWLEDGE THAT THE INTERVENING ON HIS STATE FIREARM RELATED CHARGES BY THE U.S. DISTRICT COURT FOR THE CENTRAL DIVISION / DISTRICT OF ILLINOIS, URBANA DIVISION BECAME APPLICABLE ONLY THROUGH AN ILLEGAL AND UNCONSTITUTIONAL ILLINOIS STATE STATUTE IN REGARDS TO SECTION 720 ILCS 5/24-1.6 (a) (1) REFERENCED AS AN AGGRAVATED UNLAWFUL USE OF A WEAPON, WHICH HAS BEEN STRUCK DOWN IN THE STATE COURTS OF ILLINOIS AND IN THE MATTER OF MOORE V. MADIGAN, 702 F.3d 933 (7th Cir. Ct of Appeals) DEEMED UNCONSTITUTION AND ILLEGAL.

<u>RULE 60. RELIEF FROM A JUDGMENT, FED. R. CIV. PROC.</u>

DEFENDANT RESPECTFULLY STATES FED. R. CIV. PROC. RULE 60, STATES IN PART:

R. 60 (b): GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. ON MOTION AND JUST TERMS, THE COURT MAY RELIEVE A PARTY OR ITS LEGAL REPRESENTATIVE FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING FOR THE FOLLOWING REASONS:

(1) MISTAKE, INADVERTENCE, SUPRISE, OR EXCUSABLE NEGLECT;

(2) NEWLY DISCOVERED EVIDENCE THAT, WITH REASONABLE DILIGENCE, COULD NOT HAVE BEEN DISCOVERED IN TIME TO MOVE FOR A NEW TRIAL UNDER RULE 59 (b);

(3) FRAUD (WHETHER PREVIOUSLY CALLED INTRINSIC OR EXTRINSIC), MISREPRESENTATION, OR MISCONDUCT BY AN OPPOSING PARTY;

(4) THE JUDGMENT IS VOID;

(5) THE JUDGMENT HAS BEEN SATISFIED, RELEASED, OR DISCHARGED; IT IS BASED ON AN EARLIER JUDGMENT THAT HAS BEEN REVERSED OR VACATED; OR APPLYING IT PROSPECTIVELY IS NO LONGER EQUITABLE; OR

(6) ANY OTHER REASON THAT JUSTIFIES RELIEF.

<u>FED. R. CIV. PROC. R. 60 (b)</u>

<u>Relief Requested</u>

Defendant Respectfully Asks This Honorable Court to
Grant Relief in the Following;

(a) To Allow Defendant To Be Appointed The Assistance
of Counsel As This Issue He Is Presenting To This
Court Is More Complex Than Defendant Is Capable of
Fully Presenting To This Honorable Court;

(b) Allow Defendant The Opportunity To Correct And / Or
Amend This Document In The Event There Are Statutory
Or Other Procedural Deficiencies Because Defendant
Is A Layman In The Law;

(c) Vacate Defendant's Federal Conviction Due To Federal
Intervention Being Instituted Based On Unconstitutional
And An Illegal State Of Illinois Statute Which Is
Now Void In State Courts;

(d) Grant Defendant An Evidentary Hearing On This Matter;

(e) Or Any Other Relief This Honorable Court Deems
Just Whether Defendant Is Unaware Of Which He May
Be Provide Or Not Currently Being Requested

9.

## CONCLUSION

DEFENDANT RESPECTFULLY STATES TO THIS COURT THAT HIS FEDERAL INDICTMENT, CONVICTION, AND SENTENCE OF 57 MONTHS IN FEDERAL CUSTODY ALONG WITH THE MANDANTORY PERIOD OF PROBATION STEMMED FROM STATE FIREARM ARREST, CHARGES, AND CONVICTIONS WHICH HAVE BEEN DEEMED TO BE UNCONSTITUTIONAL AND IN CLEAR VIOLATION OF THE SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION IN THE MATTER OF MOORE V. MADIGAN, 702 F.3d 933, 940 (7th CIR CE of APPEALS)

WHEREFORE DEFENDANT CHARNELL D. BROWN, RESPECTFULLY ASKS THIS HONORABLE COURT TO GRANT THIS MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 60 AND / OR MOTION TO VACATE CONVICTION.

RESPECTFULLY SUBMITTED

PRO SE.

CHARNELL D. BROWN
NO. R-11581
P.O. BOX 1000
MENARD, ILLINOIS 62259

10.

AFFIDAVIT IN SUPPORT

I, CHARNELL D. BROWN, ATTEST TO UNDER PENALTY OF
PERJURY THAT THE STATEMENT, COMMENTS AND FACTS IN
THIS MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO
FEDERAL RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE
AND / OR MOTION TO VACATE CONVICTION ARE TRUE AND ACCURATE
TO THE BEST OF MY KNOWLEDGE .

SIGNED : _____

DATED : 3 - 2 - 2023

SWORN BEFORE ME ON this 2nd ~~THIS~~ DAY OF

March , 2023

Shelley A. Shevlin
NOTARY PUBLIC

OFFICIAL SEAL
SHELLEY A SHEVLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/29/24

11.