KeyCite Yellow Flag - Negative Treatment
Unconstitutional or Preempted Limitation Recognized by Smalis v. Huntington Bank, W.D.Pa., Mar. 01, 2017

United States Code Annotated
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    Title VII. Judgment

Federal Rules of Civil Procedure Rule 60

Rule 60. Relief From a Judgment or Order [Rule Text & Notes of Decisions subdivisions I to III]

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 60 are displayed in multiple documents.>

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

  **(1)** mistake, inadvertence, surprise, or excusable neglect;

  **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  **(4)** the judgment is void;

  **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  **(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;

**(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

**(3)** set aside a judgment for fraud on the court.

**(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**CREDIT(S)**
(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

**ADVISORY COMMITTEE NOTES**
1937 Adoption

**Note to Subdivision (a).** See [former] Equity Rule 72 (Correction of Clerical Mistakes in Orders and Decrees); Mich.Court Rules Ann. (Searl, 1933) Rule 48, § 3; 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 464(3); Wyo.Rev.Stat.Ann. (Courtright, 1931) § 89-2301(3). For an example of a very liberal provision for the correction of clerical errors and for amendment after judgment, see VA.Code Ann. (Michie, 1936) §§ 6329, 6333.

**Note to Subdivision (b).** Application to the court under this subdivision does not extend the time for taking an appeal, as distinguished from the motion for new trial. This section is based upon Calif.Code Civ.Proc. (Deering, 1937) § 473. See also N.Y.C.P.A. (1937) § 108; 2 Minn.Stat. (Mason, 1927) § 9283.

For the independent action to relieve against mistake, etc., see Dobie, *Federal Procedure,* pages 760 to 765, compare 639; and Simkins, *Federal Practice,* ch. CXXI (pp. 820 to 830) and ch. CXXII (pp. 831 to 834), compare § 214.

1946 Amendment

**Note. Subdivision (a).** The amendment incorporates the view expressed in *Perlman v. 322 West Seventy-Second Street, Co., Inc.,* C.C.A.2d, 1942, 127 F.2d 716; 3 *Moore's Federal Practice,* 1938, 3276, and further permits correction after docketing, with leave of the appellate court. Some courts have thought that upon the taking of an appeal the district court lost its power to act. See *Schram v. Safety Investment Co.,* E.D.Mich.1942, 45 F.Supp. 636; also *Miller v. United States,* C.C.A.7th, 1940, 114 F.2d 267.

**Subdivision (b).** When promulgated, the rules contained a number of provisions, including those found in Rule 60(b), describing the practice by a motion to obtain relief from judgments, and these rules, coupled with the reservation in Rule 60(b) of the right to entertain a new action to relieve a party from a judgment, were generally supposed to cover the field. Since the rules have been in force, decisions have been rendered that the use of bills of review, coram nobis, or audita querela, to obtain relief from final judgments is still proper, and that various remedies of this kind still exist although they are not mentioned in the rules and the practice is not prescribed in the rules. It is obvious that the rules should be complete in this respect and define the practice with respect to any existing rights or remedies to obtain relief from final judgments. For extended discussion of the old common law writs and equitable remedies, the interpretation of Rule 60, and proposals for change, see Moore and Rogers, *Federal Relief from Civil Judgments*, 1946, 55 Yale L.J. 623. See also 3 *Moore's Federal Practice*, 1938, 3254 et seq.; Commentary, *Effect of Rule 60b on Other Methods of Relief From Judgment*, 1941, 4 Fed.Rules Serv. 942, 945; *Wallace v. United States*, C.C.A.2d, 1944, 142 F.2d 240, certiorari denied 65 S.Ct. 37, 323 U.S. 712, 89 L.Ed. 573.

The reconstruction of Rule 60(b) has for one of its purposes a clarification of this situation. Two types of procedure to obtain relief from judgments are specified in the rules as it is proposed to amend them. One procedure is by motion in the court and in the action in which the judgment was rendered. The other procedure is by a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment. Various rules, such as the one dealing with a motion for new trial and for amendment of judgments, Rule 59, one for amended findings, Rule 52, and one for judgment notwithstanding the verdict, Rule 50(b), and including the provisions of Rule 60(b) as amended, prescribe the various types of cases in which the practice by motion is permitted. In each case there is a limit upon the time within which resort to a motion is permitted, and this time limit may not be enlarged under Rule 6(b). If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action. Where the independent action is resorted to, the limitations of time are those of laches or statutes of limitations. The Committee has endeavored to ascertain all the remedies and types of relief heretofore available by coram nobis, coram vobis, audita querela, bill of review, or bill in the nature of a bill of review. See Moore and Rogers, *Federal Relief from Civil Judgments*, 1946, 55 Yale L.J. 623, 659 to 682. It endeavored then to amend the rules to permit, either by motion or by independent action, the granting of various kinds of relief from judgments which were permitted in the federal courts prior to the adoption of these rules, and the amendment concludes with a provision abolishing the use of bills of review and the other common law writs referred to, and requiring the practice to be by motion or by independent action.

To illustrate the operation of the amendment, it will be noted that under Rule 59(b) as it now stands, without amendment, a motion for new trial on the ground of newly discovered evidence is permitted within ten days after the entry of the judgment, or after that time upon leave of the court. It is proposed to amend Rule 59(b) by providing that under that rule a motion for new trial shall be served not later than ten days after the entry of the judgment, whatever the ground be for the motion, whether error by the court or newly discovered evidence. On the other hand, one of the purposes of the bill of review in equity was to afford relief on the ground of newly discovered evidence long after the entry of the judgment. Therefore, to permit relief by a motion similar to that heretofore obtained on bill of review, Rule 60(b) as amended permits an application for relief to be made by motion, on the ground of newly discovered evidence, within one year after judgment. Such a motion under Rule 60(b) does not affect the finality of the judgment, but a motion under Rule 59, made within 10 days, does affect finality and the running of the time for appeal.

If these various amendments, including principally those to Rule 60(b), accomplish the purpose for which they are intended, the federal rules will deal with the practice in every sort of case in which relief from final judgments is asked, and prescribe the practice. With reference to the question whether, as the rules now exist, relief by coram nobis, bills of review, and so forth, is permissible, the generally accepted view is that the remedies are still available, although the precise relief obtained in a particular case by use of these ancillary remedies is shrouded in ancient lore and mystery. See *Wallace v. United States*, C.C.A.2d, 1944, 142 F.2d 240, certiorari denied 65 S.Ct. 37, 323 U.S. 712, 89 L.Ed. 573; *Fraser v. Doing*, App.D.C.1942, 130 F.2d 617; *Jones v. Watts*, C.C.A.5th, 1944, 142 F.2d 575; *Preveden v. Hahn*, S.D.N.Y.1941, 36 F.Supp. 952; *Cavallo v. Agwilines, Inc.*, S.D.N.Y.1942, 6 Fed.Rules Serv. 60b.31, Case 2, 2 F.R.D. 526; *McGinn v. United States*, D.C.Mass.1942, 6

Fed.Rules Serv. 60b.51, Case 3, 2 F.R.D. 562; *City of Shattuck, Oklahoma ex rel. Versluis v. Oliver,* W.D.Okl.1945, 8 Fed.Rules Serv. 60b.31, Case 3; Moore and Rogers, *Federal Relief from Civil Judgments,* 1946, 55 Yale L.J. 623, 631 to 653; 3 *Moore's Federal Practice,* 1938, 3254 et seq.; Commentary, *Effect of Rule 60b on Other Methods of Relief From Judgment,* op. cit. supra. Cf. *Norris v. Camp,* C.C.A.10th, 1944, 144 F.2d 1; *Reed v. South Atlantic Steamship Co. of Delaware,* D.Del.1942, 2 F.R.D. 475, 6 Fed.Rules Serv. 60b.31, Case 1; *Laughlin v. Berens,* D.D.C.1945, 8 Fed.Rules Serv. 60b.51, Case 1, 73 W.L.R. 209.

The transposition of the words "the court" and the addition of the word "and" at the beginning of the first sentence are merely verbal changes. The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

The qualifying pronoun "his" has been eliminated on the basis that it is too restrictive, and that the subdivision should include the mistake or neglect of others which may be just as material and call just as much for supervisory jurisdiction as where the judgment is taken against the party through *his* mistake, inadvertence, etc.

Fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision (b). There is no sound reason for their exclusion. The incorporation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a "reasonable time," which might be after the time stated in the rule had run. *Fiske v. Buder,* C.C.A.8th, 1942, 125 F.2d 841; see also inferentially *Bucy v. Nevada Construction Co.,* C.C.A.9th, 1942, 125 F.2d 213. On the other hand, it has been suggested that in view of the fact that fraud was omitted from original Rule 60(b) as a ground for relief, an independent action was the only proper remedy. Commentary, *Effect of Rule 60b on Other Methods of Relief From Judgment,* 1941, 4 Fed.Rules Serv. 942, 945. The amendment settles this problem by making fraud an express ground for relief by motion; and under the saving clause, fraud may be urged as a basis for relief by independent action insofar as established doctrine permits. See Moore and Rogers, *Federal Relief from Civil Judgments,* 1946, 55 Yale L.J. 623, 653 to 659; 3 Moore's Federal Practice, 1938, 3267 et seq. And the rule expressly does not limit the power of the court, when fraud has been perpetrated upon it, to give relief under the saving clause. As an illustration of this situation, see *Hazel-Atlas Glass Co. v. Hartford Empire Co.,* 1944, 64 S.Ct. 997, 322 U.S. 238, 88 L.Ed. 1250.

The time limit for relief by motion in the court and in the action in which the judgment was rendered has been enlarged from six months to one year.

It should be noted that Rule 60(b) does not assume to define the substantive law as to the grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief. It should also be noted that under § 200(4) of the Soldiers' and Sailors' Civil Relief Act of 1940, § 501 et seq. [§ 520(4) ] of the Appendix to Title 50, a judgment rendered in any action or proceeding governed by the section may be vacated under certain specified circumstances upon proper application to the court.

**1948 Amendment**

The amendment substitutes the present statutory reference.

1987 Amendment

The amendment is technical. No substantive change is intended.

2007 Amendment

The language of Rule 60 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The final sentence of former Rule 60(b) said that the procedure for obtaining any relief from a judgment was by motion as prescribed in the Civil Rules or by an independent action. That provision is deleted as unnecessary. Relief continues to be available only as provided in the Civil Rules or by independent action.

Notes of Decisions (1409)

Fed. Rules Civ. Proc. Rule 60, 28 U.S.C.A., FRCP Rule 60
Including Amendments Received Through 2-1-23

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.